JAMES LOUDON & CO., FOR WM. H. FLOYD & CO. v. UNITED STATES

**No. 5519.**—Invoice dated Malaga, Spain, May 21, 1939.
Certified May 22, 1939.
Entered at Los Angeles, Calif., July 26, 1939.
Entry No. 1574.

(Decided December 5, 1941)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*James F. Donnelly*, special attorney), for the defendant.

WALKER, Judge: The merchandise involved in this case consists of drums in which certain olive oil was imported into the United States from Spain. Under the provisions of paragraph 328 of the Tariff Act of 1930, such drums, even though imported as containers for the olive oil, are separately dutiable.

The total invoice price for the oil, including the drums and certain charges, was expressed on the invoice in pounds sterling as £1,040 1s. 4d. A notation on the invoice states the following:

| Charges Included in Above Price | | |
|---|---|---|
| 100 drums at Ptas. 21–25 | Ptas. | 2125 |
| Cost of packing | " | 150 |
| Cartage | " | 130 |
| Loading and lighterage | " | 150 |
| | Ptas. | 2555 |

The items for cartage and loading and lighterage are circled on the invoice and opposite them is written in blue ink "£3–10–4."

On the summary sheet attached to the invoice the following information was supplied to the appraiser:

| | |
|---|---|
| Invoice value | £1040–1–4 |
| Less Nondutiable Charges | 3–10–4 |
| Add dutiable charges | --------- |
| Add to prices to make market value | --------- |
| Deduct from prices to make market value | --------- |
| Net entered value | £1036–11–0 |

With these figures before him the appraiser placed a check mark in the columns provided on the summary sheet under the captions "Appraised" and "Dutiable packing charges," and it is noted that on the same sheet there is an explanatory notation to the effect that a check mark "indicates that appraisement, classification, or quantities are as entered or that packing charges are believed to be correct."

Although the net entered value was reported to the appraiser by the collector on the summary sheet as above, it is observed that on entry the value of the oil and drums was divided as follows: £998 13s. 0d. for the oil and £37 17s. 0d. for the drums. The sum of these equals £1,036 10s. 0d., which was, however, stated on the entry as £1,036 11s. 0d., the net entered value, but it is to be noted that the conversion of £37 17s. 0d. into United States dollars at the rate applicable at the time of exportation, $4.681180, results in the total entered value for the drums of $177.18, whereas conversion of the value shown on the invoice for the drums in Spanish pesetas, viz, 2,125 Ptas., at the rate of $0.110225, the nominal rate certified by the Federal Reserve Bank at the time of exportation, results in a value of $234.23.

The reason for this difference may lie in the exchange premium, or agio, obtaining at the time of exportation among United States dollars, English pounds sterling, and Spanish pesetas, or it may lie in the actual fluctuation of the Spanish peseta, but whatever the reason, the collector noted the higher value on the entry and sent to the importer a notice of advance in value "upon appraisement" on Customs Form 4301, indicating that the appraised value exceeded the entered value of the drums by 32 per centum.

I have set forth the foregoing in detail for the reason that when the case was called for hearing counsel for the defendant moved to dismiss the appeal to reappraisement on the ground that the entered value and the appraised value are the same, and on the further ground that the question involved in the said appeal "is one which should have arisen by way of protest, inasmuch as it involves a question of currency conversion."

It must be remembered that the appraiser at the time of appraisement did not have the entry before him and did not, apparently, know what portion of the net entered value had been allocated to the drums and what portion to the oil. However, wittingly or not, he did appraise the drums at the entered value and made no advance, and the action of the collector in sending the notice of advance to the importer was without warrant in law and was without effect.

The situation here involved is akin to that which obtained in the case of *James Loudon & Co.* v. *United States*, Reap. Dec. 4141, wherein the court took occasion to say:

From all of the above it follows that the so-called advance in value was made by the collector, not the appraiser. The importer, however, having received a notice of advance, in order presumably to protect his rights, filed an appeal to

reappraisement. At that time there was no other course open to him, the entry not having been legally liquidated. To dismiss his appeal would, of course, leave open to him a remedy by protest from the legality of the so-called appraisement, as represented by the addition made by the collector of certain portions of the packing charges to certain values stated on the invoice and entry. We think the proper procedure, however, would be to dismiss the appeal to reappraisement, because the statute allows no appeal from the action of the collector in finding a value for merchandise, but at the same time to hold that there has been no advance in value by the appraiser in this case and therefore the notice by the collector to the importer that the appraised value exceeds the entered value by 6 per centum is without authority of law. When a legal liquidation of the entry shall have been had, the importer will have his right of protest therefrom under section 514 of the Tariff Act of 1930.

I therefore hold that no advance over the entered value was made by the appraiser and that therefore the instant appeal must be dismissed. Judgment will issue accordingly.